UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND DENISE HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-CV-452 RLW |
| DEPARTMENT OF THE ARMY U.S. ARMY CLAIMS SERVICE, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Court will also take up Plaintiff's pro se motions. (ECF Nos. 6, 12, 14, and 17).

*I. Background*

Plaintiff Rosalind Denise Harris is pursuing this case pro se, without the assistance of counsel. She filed her Complaint on a form complaint against Defendant Department of the Army, U.S. Army Claims Service.[1] In her Complaint, Plaintiff asserts this Court has federal subject matter jurisdiction under 28 U.S.C. § 2672, which is a provision under the Federal Tort Claims Act, as well as 42 U.S.C. § 1983 and Rules 18 and 20 of the Federal Rules of Civil

---

[1] Although Plaintiff is representing herself without the assistance of counsel, she is not excused from complying with the Federal Rules of Civil Procedure, Local Rules, and the Court's orders. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996); see also Faretta v. California, 422 U.S. 806, 934-35 n.46 (1975) (pro se litigant must comply with relevant rules of procedure). Plaintiff shall familiarize herself with the Local Rules and Federal Rules of Civil Procedure. A copy of the Court's Local Rules can be found on the website for the U.S. District Court Eastern District of Missouri. See https://www.moed.uscourts.gov/local-rules. Other resources for self-represented parties can be found on the District's website as well, including links to the Federal Rules of Civil Procedure.

Procedure.  (ECF No. 1 at 3).  According to Plaintiff, the U.S. Army made her very ill.  When asked on the complaint form to state the facts of her claim, Plaintiff wrote the following:

> I provide an explicit description of the events that took place at Fort Jackson, South Caroline [sic] from March 1-14, 1995 on my copy of my claims file (pp. 1788 - 1789). Pages 1904 and 1662 - 1666 detail the subsequent health and life difficulties because of this time. I was denied a career in the Army and the illness from the abuse made other life choices very hard for me. I say on the enclosed copy of SF95-07a R. Harris that I did not know I was injured until a Veterans Affairs exam doctor explained it to me. The Army labeled me. At that time I was sick because of them. As the file shows, p. 1238 college transcript and p. 1810 character of discharge, I was a normal college student before the Army and a beleagured [sic] graduate student after the Army, under honorable conditions.
>
> In retrospect it feels like what happened was a organized scheme, exerted and led by superiors on duty at that time.
>
> On January 4th, 2023 the Department of the Army Claims Service, refused consideration of my claim, so now I present to this Court qui tam for order of administrative adjustment and under Title 4, Rule 18.and 20., Joinder of Claims and Parties. I want all open issues that I have with the United States joined for administrative adjustment in conclusive settlement. I continue to suffer and endure untreated mental injury because of what the Army did. In all cases the Army is the source of grievance here.

(ECF No. 1 at 5).

> For relief, Plaintiff asks for a settlement of $45,000,000.   Plaintiff further alleges:
>
> I was injured by the Department of the Army. $10,000,000. Because of injury my work was not taken seriously, and my creative means were exposed to Univ. of MO. $20,000,000. $5 million city of Ferguson, MO 1st Amendment violation. AT&T $10 million. Files listed detail.

(ECF No. 1 at 6).

Plaintiff attached to her Complaint a letter dated January 4, 2023, from the Tort Claims Division of the U.S. Army Claims Service of the Defendant Department of the Army.  The letter notifies Plaintiff of the administrative denial of her December 22, 2022 claim against the U.S. Army for $10,000,000, which was reviewed under the Federal Torts Claim Act.  The letter also provides Plaintiff notice of her right to sue in the United States District Court.  Plaintiff also

attached to her Complaint a list of exhibits and names of other cases filed in this district and Missouri State Court. No other exhibits were attached to the Complaint.

## II. Nature of Suit

Plaintiff wrote in the caption of the Complaint the words "Qui Tam." (ECF No. 1 at 1.) She also marked qui tam as the nature of the suit on the Civil Cover Sheet (ECF No. 1-1). A qui tam proceeding is a civil action brought by a private individual, known as a relator, in the name of the government against a party that is allegedly perpetrating fraud against the government.[2] Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 769 (2000). If the suit is successful, the relator is allowed to share in the recovery. Id.

Qui tam actions brought on behalf of the United States are normally filed under False Claims Act ("FCA"), 31 U.S.C. §§ 3729 et seq. To proceed under the FCA, a relator files a complaint in the United States District Court, which is filed under seal and in camera. § 3730(b)(2). The complaint is kept confidential, including to the defendant. The relator is also to serve a copy of the complaint as well as a written disclosure statement upon the United States. 31 U.S.C. §§ 3730(b)(2) and (4). The United States then investigates the relator's allegations and decides whether to intervene in the lawsuit and assume primary responsibility for the litigation. Id. The United States may also dismiss the cause of action notwithstanding the relator's objections. 31 U.S.C. § 3730(c)(2)(A).

The Court has carefully reviewed Plaintiff's Complaint and determines it is not a qui tam action. Plaintiff is not bringing a claim on behalf of the United States. Plaintiff alleges she was the one who was injured by the Army. In other words, she is bringing a claim on her own behalf,

---

[2]The phrase "qui tam" is a Latin abbreviation for "qui tam pro domino rege quam pro se ipso in hac parte sequitur," which means "who pursues this action on our Lord the King's behalf as well as his own." Rockwell Int'l. Corp. v. United States, 549 U.S. 457, 463 n. 2 (2007).

not on behalf of the government. Moreover, Plaintiff does not allege that an entity has defrauded the United States, but rather she alleges the Department of the Army, an agency of the United States, committed a tort against her. "A qui tam action against a federal agency does not present a justiciable case or controversy because it is, in essence, a suit by the United States against the United States." Martin v. United States Dep't of Agric., No. CV 118-009, 2019 WL 166554, at *2 (S.D. Ga. Jan. 10, 2019) (citing Juliano v. Fed. Asset Disposition Ass'n, 736 F. Supp. 348, 351-53 (D.D.C. 1990), aff'd, 959 F.2d 1101 (D.C. Cir. 1992)).

Furthermore, Plaintiff cannot proceed in a qui tam action because she is proceeding pro se without the assistance of counsel. Nasuti v. Savage Farms Inc., 2015 WL 9598315, at *1 (1st Cir. 2015). Self-represented litigants are not authorized to bring a cause of action on behalf of others in federal court. See 28 U.S.C. § 1654. "Because the United States is the real party in interest in a qui tam action …, a relator may not litigate the case on behalf of the Government pro se." Martin, 2019 WL 166554, at *3 (citing Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008); Stoner v. Santa Clara Cnty. Off. of Educ., 502 F.3d 1116, 1126 (9th Cir. 2007)).

After careful review, the Court construes Plaintiff's Complaint as a cause of action against the Department of the Army, U.S. Army Claims Service, under the Federal Torts Claims Act, a statute Plaintiff refers to in her Complaint and that is referenced in the attached letter dated January 4, 2023. Finding this action is not a qui tam proceeding, the Court orders this case be unsealed so that the Defendant Department of the Army, U.S. Army Claims Service may respond to Plaintiff's Complaint. The Court will also change the Nature of Suit to accurately reflect the nature of Plaintiff's claims against the defendant.

### *III.  Pending Motions*

The Court now turns to the motions pending before the Court.  On August 21, 2023, Plaintiff filed a pro se motion in which she asks that "all written, mailed or faxed communication from Plaintiff Rosalind Harris in the above joined case be included as evidence."  (ECF No. 6). Plaintiff further writes, "The plaintiff has delineated case numbers therein.  I motion that pictures, DVDs/CDs, and receipts be included as evidence as well."  First, there were no attachments included with the motion.  Second, throughout her filings, including her Complaint, Plaintiff refers to "joined" cases, including Harris v. City of Ferguson, No. 22SL-CC02810, a case pending in state court.  There are no cases that are joined with the case at bar.  The above-captioned cause of action stands alone.  Plaintiff's motion is denied.

On October 20, 2023, Plaintiff filed a motion in which she requested that "the enclosed pleading and transmission verification report be held in the above-listed record."  (ECF No. 14). Plaintiff attached to her motion filings from Harris v. City of Ferguson, No. 22SL-CC02810, the case pending state court in St. Louis County, Missouri.  As stated above, there are no cases that are joined with this case.  Harris v. City of Ferguson is an entirely separate lawsuit that is unrelated to the case at bar.  The Court denies Plaintiff's motion and will also strike for filing error other pleadings and filings from Harris v. City of Ferguson that Plaintiff has filed in this case.  Plaintiff shall not file any other documents from the state court case in this case, and any she submits to the Court will be returned to Plaintiff without filing.

On August 28, 2023, Plaintiff filed a motion in which she wrote: "I motion for injunction against the October 6, 2023 Hearing for Dismissal of case 22SL-CC 02810.  My claims here are cognizable by this court in form as a sealed Joinder within the above case number."  (ECF No. 8).

5

Again, the two cases are not joined, and the Court does not have the authority to enjoin a hearing in state court in an entirely unrelated matter. The motion is denied.

On September 29, 2023, Plaintiff filed a motion for the Court "to summons the Department of the Army for the above listed case." (ECF No. 12). Summonses have been issued in this case.[3] The motion is denied as moot. Finally, on November 3, 2023, Plaintiff filed a motion in which she requests "to fax a copy of the USPS return receipt requested with my summons of the Department of the Army." (ECF No. 17). Plaintiff filed her returns with the USPS return receipt on November 9, 2023. (ECF No. 19). This motion is denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall modify the docket sheet in this matter and change the Nature of Suit from "376 Qui Tam" to "360 P.I.: Other" and the Cause to "28:1346 Tort Claim."

**IT IS FURTHER ORDERED** that the Clerk of Court shall unseal the entire record of this case, including all Court Orders.

**IT IS FURTHER ORDERED** that Plaintiff's pro se motion that "all written, mailed or faxed communication from Plaintiff Rosalind Harris in the above joined case be included as evidence" is **DENIED.** [ECF No. 6]

---

[3] On August 25, 2023, the Court ordered Plaintiff to serve the Department of the Army, U.S. Army Claims Service, and file proof of such service by September 15, 2023. Although Plaintiff did not comply with the terms of the August 25, 2023 Order in a timely manner, it appears Plaintiff did obtain service on Department of the Army, U.S. Army Claims Service. The Court will not dismiss this cause of action pursuant to Fed. R. Civ. P. 4(m). However, in the future, Plaintiff must comply with terms of the Court's orders, or Plaintiff will be subject to sanctions, including dismissal of this case with prejudice. See Fed. R. Civ. P. 41(b) (district court may dismiss a case if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."); Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (affirming dismissal of pro se action for the plaintiff's failure to comply with the Fed. R. Civ. P. and court orders).

**IT IS FURTHER ORDERED** that Plaintiff's pro se motion that "the enclosed pleading and transmission verification report be held in the above-listed record" is **DENIED**.  [ECF No. 14]

**IT IS FURTHER ORDERED** that pleadings and filings from Harris v. City of Ferguson, No. 22SL-CC 02810, are **STRICKEN** from the record for filing error.   The Clerk of Court shall delete from the record ECF Nos. 3, 4, 16, and 18.  Future documents and pleadings from Harris v. City of Ferguson, No. 22SL-CC 02810 shall be returned to Plaintiff without filing.

**IT IS FURTHER ORDERED** that Plaintiff's pro se motion for an injunction against the Hearing for Dismissal of Case No. 22SL-CC 02810 is **DENIED**.   [ECF No. 8]

**IT IS FURTHER ORDERED** that Plaintiff's pro se motions for the Court "to summons the Department of the Army" and to fax a copy of the USPS return receipt are **DENIED as moot**.  [ECF Nos. 12 and 17]

                                                  */s/ Ronnie L. White*
                                        **RONNIE L. WHITE**
                                        **UNITED STATES DISTRICT JUDGE**

Dated this   16th   day of November, 2023.