UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND DENISE HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CV-452 RLW |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment. (ECF No. 24). The motion is fully briefed and ready for disposition. For the reasons set forth below, the Court will grant the motion.

## Background

Plaintiff Rosalind Harris, proceeding pro se, brings this action for damages against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2674 ("FTCA").[1] According to Plaintiff, the United States Army made her very ill. In her Complaint, Plaintiff alleges the following in support of her claim:

> I provide an explicit description of the events that took place at Fort Jackson, South Caroline [sic] from March 1-14, 1995 on my copy of my claims file (pp. 1788 - 1789). Pages 1904 and 1662 - 1666 detail the subsequent health and life difficulties because of this time. I was denied a career in the Army and the illness from the abuse made other life choices very hard for me. I say on the enclosed copy of SF95-07a R. Harris that I did not know I was injured until a Veterans Affairs exam doctor explained it to me. The Army labeled me. At that time I was sick because of them. As the file shows, p. 1238 college transcript and p. 1810 character of discharge, I was a normal college student before the Army and a beleagured [sic] graduate student after the Army, under honorable conditions.

---

[1] In a prior Order, the Court construed Plaintiff's claim as one arising under the FTCA. (ECF No. 21). The Court also previously substituted the United States for the Department of the Army, U.S. Army Claims Service as the proper defendant in this action. (ECF No. 30).

1

> In retrospect it feels like what happened was a organized scheme, exerted and led by superiors on duty at that time.
>
> On January 4th, 2023 the Department of the Army Claims Service, refused consideration of my claim, so now I present to this Court qui tam for order of administrative adjustment and under Title 4, Rule 18.and 20., Joinder of Claims and Parties. I want all open issues that I have with the United States joined for administrative adjustment in conclusive settlement. I continue to suffer and endure untreated mental injury because of what the Army did. In all cases the Army is the source of grievance here.

(ECF No. 1 at 5).   Plaintiff included as an exhibit to her Complaint a letter from the U.S. Army Claims Service, in which the agency denied an administrative claim Plaintiff had filed in December of 2022 in connection with the "negative treatment" and personal injury she purportedly sustained during basic training at Fort Jackson in March of 1995.   (ECF No. 1, Attach. 4).

The Government now moves for dismissal of the Complaint, pursuant to Rules 12(b)(1) and (6) and Rule 56(d) of the Federal Rules of Civil Procedure.   For support, the Government has filed various exhibits related to Plaintiff's enlistment in and discharge from the Army, as well as her subsequent claims for disability benefits.   (ECF No. 24, Exs. 1-16).

## Legal Standard

"Federal Courts are courts of limited jurisdiction and can only hear actual 'cases or controversies' as defined under Article III of the Constitution." *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir. 1994).   Subject matter jurisdiction refers to the power of a federal court to decide the claim before it.   *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 91-92 (2017).   Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss an action based on a lack of subject matter jurisdiction.   On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing subject matter jurisdiction exists.   *Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023).

In deciding a motion under Rule 12(b)(1), the Court must distinguish between a facial attack and a factual attack. *Croyle by & through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018). In a facial attack—which occurs when "a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction"—the Court "restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018) (internal quotation omitted). In a factual attack—which occurs "when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction"—the Court may "consider matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* (internal quotations omitted).

## Discussion

In its motion for dismissal, the Government argues that the doctrine established in *Feres v. United States*, 340 U.S. 135 (1950), precludes this Court from exercising subject matter jurisdiction because Plaintiff's injury occurred during the course of her military service.[2] Because the Government asserts a factual challenge to this Court's jurisdiction in arguing that it is immune from suit, the Court may consider evidence outside of the pleadings, including the exhibits submitted by the Government. The exhibits demonstrate the following.

---

[2] Federal courts are generally required to address subject matter jurisdiction before reaching non-jurisdictional issues. *See Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006) ("In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."). The applicability of the *Feres* doctrine presents a jurisdictional issue. *See Brown v. United States*, 151 F.3d 800, 803-04 (8th Cir. 1998). Because the Court finds that subject matter jurisdiction is lacking here, the Court cannot reach the Government's arguments for dismissal for failure to state a claim.

3

On March 1, 1995, Plaintiff reported to Fort Jackson for active duty to undergo basic training.  On March 16, 1995, Plaintiff met with Fort Jackson's social work office to report difficulty in adjusting to the military environment.  Plaintiff indicated that she had "problems sleeping and feelings of depression, anxiousness, and listlessness."  On March 28, 1995, Plaintiff was discharged from the Army with a diagnosis of "adjustment disorder with mixed anxiety and depressed mood."  Following her discharge, Plaintiff filed various administrative claims in which she described how her experiences at Fort Jackson continued to negatively impact her life.  Plaintiff attributed her initial injury to the two weeks she underwent basic training.  In her claim for benefits with the Department of Veteran Affairs ("VA"), Plaintiff stated that during basic training "there was a lot of undue difficulty for only 12 days … because of the pressure of unwarranted bullying," and that Army personnel had "aggravated" her "outside of reasonable parameters given [her] circumstances at the time."  Plaintiff described her time on active duty as "profoundly mortifying."  Plaintiff specifically identified multiple interactions she had with her superiors during basic training, which she characterized as "bullying," including instances of her superiors verbally attacking her during training exercises and criticizing her for her physical appearance.  (ECF No. 24, Exs. 1-7, 15).[3]

In her opposition to the Government's motion, Plaintiff states that the "unwarranted bullying" she "endured as a soldier in the Army at Fort Jackson" caused her injury, and that her "injury occurred while [she] was in the line of duty."  (ECF No. 43 at 3).  Plaintiff argues that her claim may proceed because it does not fall within the FTCA's statutory exceptions to the waiver of sovereign immunity, namely because at the time she was injured "America was not at

---

[3] It appears from the record that Plaintiff's VA claim has been stalled in part due to her failure to submit to a required VA examination.  (ECF No. 23, Ex. 14).

4

war." *Id.* (citing 28 U.S.C. § 2680(j) (government does not waive sovereign immunity for "[a]ny claim arising out of the combatant activities of the military … forces … during time of war.")). Plaintiff further argues that the injuries she suffered during basic training were not incident to service because she was not accruing benefits at that time. *Id.* at 3-4 (citing *Johnson v. United States*, 704 F.2d 1431 (9th Cir. 1983)).

"The FTCA represents the federal government's waiver of sovereign immunity as to claims for money damages for injuries caused by the torts of government employees acting within the scope of their employment 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Brown v. United States*, 151 F.3d 800, 803 (8th Cir. 1998) (quoting 28 U.S.C. § 1346(b)). "This general waiver is subject to various exceptions." *Id.* (citing 28 U.S.C. § 2680).

In *Feres*, the Supreme Court held that notwithstanding the FTCA, the United States remains immune from suit "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. 135, 146 (1950). An injury is considered "incident to service" if it arises "because of [one's] military relationship with the Government." *United States v. Johnson*, 481 U.S. 681, 689 (1987). "Where injuries are incurred incident to service, dismissal is required." *Brown*, 151 F.3d at 803 (citing *Miller v. United States*, 643 F.2d 481, 491 (8th Cir. 1980) (en banc)). "*Feres* focuses not upon when the injury occurs or when the claim becomes actionable, but rather the time of, and the circumstances surrounding the negligent act." *Henning v. United States*, 446 F.2d 774, 777, (3d Cir. 1971) (citing *Brown*, 348 U.S. 110). *See also Monaco v. United States*, 661 F.2d 129, 132-33 (9th Cir. 1981).

The Supreme Court has emphasized three broad rationales underlying the *Feres* decision: "(1) the distinctively federal character of the relationship between the Government and members

5

of its armed forces which entails significant risk of accidents and injuries; (2) the existence of generous statutory disability and death benefits precluding the need for additional benefits under the FTCA; and (3) the potential of these types of suits to undermine both military discipline and effectiveness and the service member's commitment." *Custshall v. United States*, 75 F.3d 426, 428 (8th Cir. 1996) (citing *Johnson*, 481 U.S. at 689-91).

Here, there can be no doubt that Plaintiff's injury occurred because of her relationship with the military. Plaintiff specifically alleges tortious conduct by the Army during her two weeks in basic training at Fort Jackson in March of 1995. At this time, Plaintiff was on active duty at a military base, and she was under the immediate supervision of military superiors. Furthermore, Plaintiff concedes that she sustained injury "in the line of duty."

As to Plaintiff's argument that her claim does not fall within a statutory exception to the FTCA, the Court notes that the *Feres* doctrine is a judicially created exception to the FTCA, and that it is not rendered inapplicable in light of the FTCA's statutory exceptions. *See Laswell v. Brown*, 683 F.2d 261, 264-65 (8th Cir. 1982). As to her accrual-of-benefits argument, the Court finds Plaintiff's reliance on *Johnson* is misplaced. In *Johnson*, the Ninth Circuit identified four factors "that most courts have considered important" in determining the applicability of *Feres*: (1) the place where the negligent act occurred, (2) the duty status of the plaintiff when the negligent act occurred; (3) the benefits accruing to the plaintiff because of her status as a service member, and (4) the nature of the plaintiff's activities at the time the negligent act occurred. *Johnson*, 704 F.2d at 1436-1441 ("Although the factors are conceptually different, each bears on what is in our view the most important line of inquiry: the nature of the plaintiff's activities at the time of the government's tortious action."). The third factor set forth in *Johnson*, however, is most relevant to situations in which service members are injured as a result of their access to recreational and

6

medical benefits only because of their status as military personnel.  *Id.* at 1438-39 (the plaintiffs' injuries were incident to service "because the plaintiffs would not have been privileged to take advantage of the benefits but for their military status").   Here, Plaintiff's injuries are unrelated to her access to recreational or medical benefits, and this factor is therefore irrelevant.

In view of the foregoing, the Court finds Plaintiff's initial injury occurred in the course of an activity incident to military service, and that her suit under the FTCA is barred by the *Feres* doctrine.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** for lack of subject matter jurisdiction.

A separate Order of Dismissal will accompany this Memorandum and Order.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   20th   day of June, 2024.